## HAY vs. THE BANK OF THE STATE.

The State Bank is a corporation in law, and may legally sue in the counties where its branches are situate, and issue writs to any other counties.

In an action against two defendants, who sever in pleading, it is irregular and improper, upon demurrer to the plea of one sustained, to adjudge against him all costs in the suit then expended.

But such error cannot be regarded, upon a writ of error prosecuted by both defendants jointly.

THIS was an action of debt, determined in the Independence Circuit Court, in June, 1842, before the Hon. THOMAS JOHNSON, one of the circuit judges. The Bank of the State sued *Hay*, *Greer*, and

*Holson* on a bond, and process issued to Crittenden, where it was served on Hay and Greer, who severed in their pleadings. Hay ultimately pleaded in abatement the issuance of but one writ, to Crittenden; and Greer pleaded *nil tiel* corporation. Demurrer to Hay's plea sustained, and judgment *respondeat ouster*, and that plaintiff recover against him " all her costs herein expended, up to the present time." Demurrer to Greer's plea sustained, and judgment *respondeat ouster*. Discontinuance as to Holson; and Hay and Greer saying nothing further, final judgment against them; and judgment for debt and damages with interest from judgment, at 10 per cent. Error brought by Hay and Greer jointly. Greer dying, the suit proceeded in the name of Hay alone. The damages in the judgment being too large by $5, that sum was remitted.

The case was argued here by *Wm. Byers,* for plaintiff in error, and *Hempstead & Johnson,* contra.

By the *Court,* RINGO, C. J. Every principle of law involved by the proceedings and adjudication of the court below in this case, has been expressly ruled by this court against the plaintiff in error in cases heretofore decided.

The plea in abatement is clearly within the principles expressly adjudged by this Court in the case of *Tucker et al. vs. The Real Estate Bank,* 4 *Ark. Rep.* 431; and the plea of Greer within that held in the case of *Mahony et al. vs. The Bank of the State,* 4 *Ark. Rep.* 620. The judgment given against the plaintiff in error, upon the demurrer to his plea being sustained, for all of her costs in the suit then expended, was, in our opinion, irregular and improper, but cannot, upon the present writ of error, be revised, because it is a separate judgment against him, which is not properly before this Court for adjudication on the present writ of error, which is sued out jointly by himself and Greer, and embraces nothing but the final judgment, and such proceedings in the cause anterior thereto as affect its validity, which cannot possibly be the case in any view of the subject in respect to this judgment for costs. The final judgment is no way dependant

upon it, whether it be right or wrong, legal or illegal; and therefore it is not a matter which can be legally assigned as error in this case.

The defendant in error having remitted in this Court the excess of damages and interest adjudged to her, as she might well do according to the principles asserted and the rule established in the case of *Fulton, adm. of Holt, vs. Hunt,* 3 *Ark. Rep.* 280, there is no error in the proceedings of the Circuit Court.

Judgment, as amended, affirmed.