Oldham, J. delivered the opinion of the court. For the plaintiff in error, it is contended that the corporate existence of the bank was destroyed by the act of the legislature,passed January 31st, 1843, and that consequently the recovery against him in the circuit court was unwarranted by law. Such was not the design of the legislature, but is contrary to their intention as expressly declared by the act itself. Sec. 28, enacts “that nothing in this act shall be so construed as to impair or destroy the corporate- existence of the said Bank of the State of Arkansas, but the charter of said institution is only intended to be so limited and modified as that said bank shall collect in and pay off her debts,-, abstain from discounting notes or loaning money, and liquidate and close up her business as hereinafter provided,” &c. It was decided in Mahony vs. The Bank of the State, 4 Ark. Rep. 620, that the directors were the corporators. Under the liquidation act all the powers originally possessed by the different boards of directors, subject to- the limitations and modifications contained in the act were transferred to and vested in. the receivers appointed by the legislature. They became the successors of the last boards ©f directors in the same- manner as they succeeded those which preceded them. The bank being a public corporation, it was in the-power of the legislature to lessen the number of directors, call them-by a different name, and to limit, modify, and restrict their powers.. The act does not extend beyond this construction and consequently the circuit court did not err in sustaining the demurrer to the pleas filed by the plaintiff in error, and giving judgment for the bank-judgment affirmed.