## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

### *v.* WILLIAMS.

### Opinion delivered November 29, 1909.

APPEAL AND ERROR—EXCESSIVE DAMAGES—REMITTITUR.—An error in the admission of testimony which might have misled the jury into allowing plaintiff $10 damages more than he was entitled to was cured by a remittitur of a sum exceeding that amount.

Appeal from Hot Spring Court; *W. H. Evans,* Judge; affirmed.

*Kinsworthy & Rhoton* and *Jas. H. Stevenson,* for appellant.

Appellee should not have been permitted to testify to what his wife had told him. 86 Ark. 450; 83 Ark. 331; 78 Ark. 225.

*John C. Ross,* for appellee.

The evidence was competent because it was the best evidence obtainable. But if the admission of the testimony in question was error, this court will not reverse if the judgment upon the whole case was right. 10 Ark. 9; 19 Ark. 667; 23 Ark. 115; 33 Ark. 811; 43 Ark. 296; 44 Ark. 556; 46 Ark. 542.

HART, J. This is an appeal by the defendant, St. Louis, Iron Mountain & Southern Railway Company, from a judgment against it in favor of the plaintiff, J. M. Williams, for damages alleged to have been sustained on account of the negligent failure of the defendant to stop its passenger train at a flag station to receive plaintiff as a passenger.

Only one assignment of error is asked to be considered by us. Hence it will be unnecessary to make a statement of the case except such as will properly present the point relied upon for a reversal.

The plaintiff was a physician. He testified that, on account of the failure of the defendant to stop its train at the flag station in response to the signal, he was delayed in reaching home about three hours. That when he reached home his wife told him that a Mr. Cunningham had come for him to visit his sick wife in the country, but had gone for another physician when he had found out that plaintiff would be delayed in arriving home. That he would have made ten dollars by making the call. It is contended by counsel for defendant that this evidence was hearsay. Considering this to be true, defendant is in no attitude now to complain.

The case was tried before a jury, and a verdict was returned in favor of the plaintiff for $135. The defendant filed a motion for a new trial, and the error now complained of was one of the grounds embraced in its motion.

Upon hearing the motion for a new trial, the court ordered a remittitur of $67.50, which was agreed to by the plaintiff. The motion for a new trial was then overruled. It will be observed that the error complained of involves an amount less than that ordered remitted.

It will be presumed that the court considered the error now complained of in passing upon the motion for a new trial, and eliminated it by ordering the remittitur to be entered.

This court will only reverse for errors that are prejudicial to the rights of the complaining party, and, the prejudice having been removed by the action of the court in entering the remittitur, the judgment will be affirmed.