MONK v. JONES.

4-3906

Opinion delivered June 10, 1935.

**1118**

*Duval L. Purkins* and *L. A. Hardin*, for appellant.

JOHNSON, C. J. This suit was instituted in the circuit court of Bradley County by appellant, J. F. Monk, as administrator of James Monk, deceased, against the Jones Furniture Company, a foreign copartnership, Hayes Jones and G. P. Scarborough, to compensate an alleged injury and the resultant death of James Monk, deceased.

In effect, the complaint alleged that on April 3, 1933, James Monk, a minor of the age of seven years, while traversing a highway in front of his home was carelessly and negligently struck, run over and killed by an automobile driven by G. P. Scarborough, an agent and servant of the Jones Furniture Company, a foreign copartnership composed of Hayes Jones and his wife. Damages were laid at $3,000. Upon the filing of the complaint, an attachment was issued and served upon the property of the Jones Furniture Company situated in this State. The attached property was subsequently released by the execution of bond.

Hayes Jones filed a separate answer in which he admitted that he and his wife owned and operated the Jones Furniture Company stores located at Warren and Stuttgart and that they also owned and operated a furniture warehouse located at McGehee in this State. He admitted that James Monk, deceased, was struck by a truck driven by G. P. Scarborough as alleged and died as a result thereof, but denied that G. P. Scarborough was an agent of the Jones Furniture Company or that he managed or supervised the management of said stores or either of them; denied that Scarborough was acting within the scope of his employment or authority when

the accident happened, and denied that Scarborough was driving the truck in a dangerous, reckless, unlawful or careless manner when the accident occurred. The Jones Furniture Company composed of Hayes Jones and wife filed an answer adopting the separate answer of Hayes Jones. Upon the issues thus joined, testimony was adduced upon trial to a jury, and, when considered in the light most favorable to appellant, was to the following effect: The Jones Furniture Company is a foreign copartnership composed of Hayes Jones and his wife, who reside in the State of Mississippi; the copartnership owns and operates furniture stores located at Warren and Stuttgart and also own and operate a furniture warehouse located at McGehee; G. P. Scarborough was prior and subsequent to April 3, 1933, in charge of, as manager, the Warren furniture store, and Bill Scarborough, a son of G. P. Scarborough, was manager of the Stuttgart store; on April 3, 1933, G. P. Scarborough was driving a small gasoline truck upon the highway which passes from Warren to Pine Bluff, and, while passing the home of appellant which was situated on the east side of said highway, ran said truck against James Monk, a minor son of appellant, and thereby killed him; the highway which was being traversed by Scarborough at the time of the accident was straight for some distance on each side of appellant's home; at the time said truck struck said child, G. P. Scarborough was driving at the rate of forty miles per hour, and the truck was not brought to a stop after striking the child, within seventy-five yards; at and immediately prior to the accident there was a car parked directly in front of appellant's home but on the west side of the highway in which other children were being admitted for passage to a school-house in that vicinity, and between the east side of the highway and the yard fence around appellant's home there were other small children at play; the parked car and the children being admitted thereto and the children at play on the east side of the road were visible to Scarborough for quite a distance from the scene of the accident. The testimony adduced further reflected that the truck, which was being driven by G. P. Scarborough at the time of the

accident, had a small piece of furniture in it, and that on the same day he delivered a small piece of furniture, namely, a vanity dresser to the Stuttgart store; that prior and subsequent to the accident G. P. Scarborough used this truck in the handling and hauling of furniture from the warehouse at McGehee to the Warren store and transporting furniture from the Warren store to the Stuttgart store, etc. On behalf of appellees the testimony tended to explain and contradict that produced by appellant, and in addition thereto tended to show that G. P. Scarborough was working for the Jones Furniture Company on a commission basis, furnishing his own trucks and employees, etc., and was therefore an independent contractor.

At the conclusion of the testimony, the trial court directed the jury to return a verdict in favor of appellees, and this appeal comes from the judgment entered thereon.

Three questions are presented by this appeal for determination; namely, first, were the facts and circumstances presented in testimony, sufficient to warrant the jury in finding that G. P. Scarborough was negligent in the operation of the truck at the time of the accident which proximately caused the injury and resultant death of James Monk? secondly, was James Monk, deceased, guilty of such contributory negligence as to bar a recovery? third, was the relationship between G. P. Scarborough and his co-appellees that of independent contractor or that of principal and agent?

We have stated the law in reference to the duties of pedestrians and automobile drivers upon highways in this State as follows:

"Drivers of automobiles and pedestrians both have a right to the street, but the former must anticipate the presence of the latter, and exercise reasonable care to avoid injuring them. Care must be exercised commensurate with the danger reasonably to be anticipated. What is ordinary care is a relative term dependent upon the facts and circumstances of each particular case." *Murphy* v. *Clayton,* 179 Ark. 225, 15 S. W. (2d) 391.

The facts adduced in testimony were that the highway was straight for some distance in both directions from the scene of the accident, and that G. P. Scarborough by the exercise of ordinary care could and should have seen the parked car upon the west side of the highway and the children being admitted thereto for passage to school; he could and should have seen the two small children playing on the east side of the highway for quite a distance, and ordinary care should have dictated and impelled the reduction of the speed of his truck to a point of safety, but to the contrary of this view, according to the testimony, he continued to proceed at forty miles per hour until the child was struck. This testimony was amply sufficient to support a finding of negligence on G. P. Scarborough's part, if the jury saw fit to so conclude.

Neither can a directed verdict be successfully defended upon the theory that James Monk's contributory negligence precludes a recovery, as a matter of law. In the last cited case where a child eleven years of age was struck by a car at a public road crossing, we said: "The question of contributory negligence is one for the jury whether the pedestrian, in crossing the street at an established crossing, has exercised such care as a person of ordinary prudence would exercise for its own safety under the circumstances. * * * The plaintiff was an eleven-year-old boy, and the court held that, in determining his contributory negligence in attempting to cross a highway in front of an approaching automobile, he should be held to exercise the care and prudence of a boy of that age, and cannot be expected to exercise the same care that an adult should under the same circumstances. * * * On the question of contributory negligence of the plaintiff, the jury had a right to consider her tender age, and also the tendency of children to run across the street near the schoolhouse in going to and from school. It is claimed that, if she had looked, she was bound to have seen the approaching car. With equal confidence it might be said that, if the defendant had been looking, she was bound to have seen the child crossing the street."

In *Gates* v. *Plummer,* 173 Ark. 27, 291 S. W. 816, we said:

"In that case a boy ten years old was injured by being struck by a moving railroad car while walking across the railroad track, and it was insisted that the trial court should have told the jury as a matter of law that the child was guilty of contributory negligence. The trial court has submitted that question to the jury, and it was held that this was not error. In so holding Mr. Justice RIDDICK said that 'a child is not required to exercise the same capacity for self-preservation and the same prudence that an adult should exercise under like circumstances.' He further said, 'You can reasonably expect of a boy between nine and ten years of age only that degree of care and prudence that a boy of that age or of his degree of intelligence should exercise. What would be ordinary care for such a boy might be culpable negligence in an adult.' The doctrine of that case has been several times since reaffirmed." Also citing the following cases: *Garrison* v. *St. L. I. M. & S. Ry. Co.,* 92 Ark. 437, 123 S. W. 657; *St. L. S. W. Ry. Co.* v. *Adams,* 98 Ark. 222, 135 S. W. 214; *Nashville Lumber Company* v. *Busbee,* 100 Ark. 76, 139 S. W. 301, 38 L. R. A. (N. S.) 754; *Kansas City Southern Railway Co.* v. *Teater,* 124 Ark. 1, 186 S. W. 204.

Even so, in the instant case, it was the province of the jury to consider the tender age of the deceased, James Monk, and the tendency of children of tender years to cross public thoroughfares without warning and in total disregard of attendant dangers in determining whether or not James Monk was guilty of such contributory negligence as to bar a recovery. This suffices to demonstrate that James Monk, deceased, was not guilty of such contributory negligence as to bar a recovery as a matter of law.

On the third question, namely, was G. P. Scarborough an independent contractor or did the relationship of principal and agent subsist between him and his co-appellees? The law is that if the contract of employment between G. P. Scarborough and his co-appellees created the relationship of principal and agent

and the appellee partnership by the contract of employment reserve the right to control and direct the manner of effecting deliveries from one point to another, the work was that of the copartnership, notwithstanding no directions may have been given in this particular instance. *Magnolia Petroleum Co.* v. *Johnson,* 149 Ark. 553, 233 S. W. 680; *Terry Dairy Co.* v. *Parker,* 144 Ark. 401, 223 S. W. 6; *Southwestern Bell Telephone Co.* v. *Roberts,* 182 Ark. 211, 31 S. W. (2d) 302; *Rex Oil Corp.* v. *Crank,* 183 Ark. 819, 38 S. W. (2d) 1093.

The testimony adduced upon behalf of appellant on this issue was sufficient to warrant the jury in finding that the relationship existing between G. P. Scarborough and the copartnership was that of principal and agent, and that appellee reserved the right and did direct and control the prosecution of the business.

The mere fact that G. P. Scarborough was working for his co-appellees on a commission basis, and that he furnished the conveyances in which the merchandise was transported and also hired and fired the employees retained by him, is not conclusive that he was an independent contractor. We so expressly decided in *Magnolia Petroleum Co.* v. *Johnson, supra.*

For the reasons stated, the trial court erred in refusing to submit to the jury the three controverted issues hereinbefore discussed and in directing a verdict in favor of appellees, and for these errors the case must be reversed and remanded for a new trial.