S. & C. TRANSPORT COMPANY *v*. BARNES.

4-3927

Opinion delivered July 1, 1935.

*Allan Robinson, J. R. Surrency* and *Brown & Bradley,* for appellants.

*Robert S. McGregor* and *W. W. Sharp,* for appellees.

JOHNSON, C. J. Separate actions were instituted by appellees, Kenneth C. Barnes, Mrs. Kenneth C. Barnes, Mrs. Arnie Ray, Mrs. Annie Worsham and Clarence Barnes, against appellants, S. & C. Transport Company, a foreign corporation, and S. J. Bage in the Monroe Circuit Court to compensate personal injuries and also the

destruction of an automobile, the property of appellee, Kenneth C. Barnes, which occurred in and by reason of a collision between said automobile and a truck and trailer driven by appellant Bage on July 7, 1934.

The complaints respectively alleged that Bage was an employee and servant of S. & C. Transport Company at the time of the collision, and was in due performance of his duty as such; that the collision was due to the carelessness and negligence of Bage in suddenly driving his truck and trailer from behind a car which he was following and entering the left side of the highway which was being traveled by appellees, thereby carelessly and negligently striking appellees' automobile, destroying it, and inflicting the very serious personal injuries complained of.

Appellant S. & C. Transport Company files answers denying all the material allegations of the complaints and specially alleged that Bage was, at the time of the collision, an independent contractor.

Appellant S. J. Bage answered the complaints of appellees by denying all material allegations thereof and specially affirmed that at the time of the collision he was an independent contractor and not an employee or servant of his co-appellant; moreover, that the collision was due solely to the negligence of Kenneth C. Barnes, the driver of the automobile. The specific negligent acts of Kenneth C. Barnes relied upon by appellant Bage as a defense are not set out in the answer. The several causes were consolidated for trial, and the testimony adduced by appellees, when viewed in the light most favorable to them, warranted the jury in finding: That on July 7, 1934, appellees Kenneth C. Barnes, accompanied by his wife and son, Mrs. Ray and Mrs. Worsham, co-appellees herein, were upon a journey from Madison, Tennessee, to Coleman, Texas, and, while traveling in a westerly direction across the State of Arkansas and at a point near Brinkley, and while driving at a moderate rate of speed and upon the right-hand side of the highway, were suddenly met head-on by the truck and trailer which was being driven by appellant Bage; that the Barnes automobile was completely wrecked by the im-

pact, and appellees and each of them received very serious and more or less painful and permanent injuries on account of said collision; that at and prior to the collision appellant Bage was driving a truck which was drawing a large trailer, the property of S. & C. Transport Company, and was returning to East St. Louis from a trip to Southwest Arkansas where a delivery of a load of new automobiles had been effected under the directions and control of the said S. & C. Transport Company.

The testimony on behalf of appellants was to the effect that Bage owned the truck and had borrowed the trailer from his co-appellant for use in making deliveries of new automobiles, and that appellant, S. & C. Transport Company, had nothing to do with the directions or control of the manner and means of effecting deliveries of the cars which were being transported. Moreover, that Bage at the time of the collision was transporting a car owned by one Mr. Darby under a private contract of hire, and was therefore not in performance of any duty for the master while engaged in this private enterprise.

Instructions were given by the trial court to the jury in charge which will be hereinafter adverted to covering all issues of fact reflected by the testimony. The jury returned verdicts in favor of appellees and against appellants jointly as follows:

Kenneth C. Barnes...........................................................$10,000
Mrs. Kenneth C. Barnes.................................................. 10,000
Mrs. Ray .......................................................................... 10,000
Mrs. Worsham ................................................................ 10,000
Clarence Barnes .............................................................. 3,500

On the presentation of appellants' motion for new trial, the court reduced the above awards as follows:

Kenneth C. Barnes to.....................................................$5,000
Mrs. Kenneth C. Barnes to.............................................. 4,000
Mrs. Arnie Ray to............................................................ 4,500
Mrs. Annie Worsham to................................................... 3,750
Clarence Barnes to........................................................... 2,000

and entered judgments accordingly, and thereupon overruled said motion for new trial. Both appellees and appellants saved proper exceptions and have appealed and cross-appealed respectively from the modified judgments.

Appellant S. & C. Transport Company's primary contention for reversal is that as a matter of law Bage, the driver of the truck and trailer at the time of the collision, was an independent contractor—directing and controlling the manner and means of carrying on his business, and that therefore the liability to appellees, if any, falls upon Bage and not it.

The trial court submitted this issue of fact to the jury under instructions, the form of which are not here complained of, and we think properly so. Appellant S. & C. Transport Company's president, Mr. Smith, testified that their headquarters were situated in East St. Louis, and it operates eight or nine trucks and trailers in ten or twelve different States under licenses and permits issued by the respective States; that his company procured the order for hauling the cars transported by Bage and furnished to him the permit to operate in this State; that his company collected the charges for delivering the new cars and paid to Bage 75 per cent. of the amount collected; that, under the directions of witness, Bage had the name of "S. & C. Transport Company" painted on both sides of his truck; that safe delivery of the new cars hauled by Bage was guaranteed by the S. & C. Company, and its responsibility in this behalf was insured by an insurer. Under repeated decisions of this court, the above testimony is amply sufficient to support the jury's finding that the relationship existing between appellant S. & C. Transport Company and Bage was that of master and servant or employer and employee and not an independent contractor. *Monk* v. *Jones,* 190 Ark. 1117; *Magnolia Petroleum Co.* v. *Johnson,* 149 Ark. 553, 233 S. W. 680; *Ellis & Lewis* v. *Warner,* 180 Ark. 53, 20 S. W. (2d) 320; *Terry Dairy Co.* v. *Parker,* 144 Ark. 401, 223 S. W. 6.

Next appellant S. & C. Transport Company urges that Bage, by his contract of hire with Darby to haul his automobile upon his return trip from Southwest Arkansas to East St. Louis, deserted his master's business for that of his own private affairs, and was therefore without the scope of his authority at the time of the collision. *Keller* v. *White,* 173 Ark. 885, 293 S. W. 1017, is cited

as conclusive of this contention. We cannot agree. In the case cited, White was conclusively shown to have been upon no business of the master at the time of his injury whereas in the instant case Bage was returning to appellant S. & C. Transport Company's headquarters at East St. Louis, Illinois, from a trip made to Southwest Arkansas at his master's demand, by its direction and under its control. Under facts and circumstances not materially different from the ones here under consideration, we stated the applicable rule as follows:

"Where an agent, driving a truck over a route for the purpose of delivering and selling merchandise, in returning to the principal's place of business, towed an automobile of his own accord, and at an intersection skidded the truck through a filling station, causing the car being towed to strike plaintiffs' car and injure plaintiffs, *held* that the principal was liable, since, although he exceeded his authority, he had not, as a matter of law, completely abandoned the principal's business. *Campbell Baking Co.* v. *Clark,* 175 Ark. 899, 1 S. W. (2d) 35.

Appellants next urge that the trial court erred in reducing the jury's awards and not granting a new trial. *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851, and *Spadra Creek Coal Co.* v. *Callahan,* 129 Ark. 448, 196 S. W. 477, are cited in support of this contention. These cases do not support the contention urged. There we were dealing with the question of the sufficiency of the testimony to support a jury's verdict or whether or not such verdict rested with the weight of the testimony. Certainly if a jury's verdict is contrary to the testimony, and the trial court so determines, or is without testimony to support it, nothing can be done save grant a new trial; but this rule has no application to the facts of this case. Here the testimony is conclusive that liability exists, and the trial court reduced the awards at the invitation and request of appellants, and they are therefore in no position to complain, were it determined that this ruling was erroneous. Inherently courts of record have the power to reduce jury awards to conform to the established facts as is established by our repeated actions in this regard. *St. Louis & N. A. Ry. Co.* v. *Mathis,* 76 Ark. 184, 91 S. W.

763; *St. Louis Iron Mt. & Southern Ry. Co.* v. *Adams,* 74 Ark. 326, 85 S. W. 768; *Fordyce* v. *Hardin,* 54 Ark. 554, 16 S. W. 576; *St. L. I. M. & S. Ry. Co.* v. *Warner,* 65 Ark. 619, 48 S. W. 222; *St. L. I. M. & S. Ry. Co.* v. *Williams,* 92 Ark. 534, 123 S. W. 403; *St. L. I. M. & S. Ry. Co.* v. *Hesterly,* 98 Ark. 240, 135 S. W. 874; *St. L. I. M. & S. Ry. Co.* v. *Brown,* 100 Ark. 107, 140 S. W. 279; *Fowler* v. *Johnson,* 11 Ark. 280; *Hay* v. *Bank of State,* 5 Ark. 250; *McFarland* v. *State Bank,* 4 Ark. 44.

Neither can we agree that prejudicial error is made to appear in granting and refusing instructions to the jury in charge. We have carefully considered all instructions granted and refused by the trial court, and it must suffice to say that the instructions given, when considered as a whole, were fair, complete and free from prejudicial error and covered all controverted issues of fact tendered by the admitted testimony.

Finally, appellants contend that the modified judgments as entered by the trial court are excessive. The testimony reflects that each of appellees was painfully, seriously and more or less permanently injured by the collision and has suffered and will continue in the future to suffer from the effects thereof. This testimony, without quoting it in detail, is amply sufficient to support the modified judgments.

It follows that no prejudicial error is made to appear from appellants' appeal, and the judgments against them must therefore be affirmed.

On cross-appeal appellees contend that the trial court abused its discretion in reducing the jury's awards. Without reviewing the testimony in reference to the extent of appellees' injuries, it suffices to say that the jury's awards, until modified, were clearly excessive, and the trial court was justified in making the reductions, but erred in not granting a new trial upon appellees' refusal to accede to the remittiturs. See cases cited *supra.*

If appellees elect within fifteen days to accede to the remittiturs of the trial court and waive the error indicated, the judgments will in all things be affirmed; otherwise they must be reversed and remanded on cross-appeal.