# CASES DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS

St. Louis, Iron Mountain & Southern Railway Company *v.* COLUM.

(Two cases.)

Opinion rendered November 28, 1903.

RAILROAD—INJURY TO MINOR—CONTRIBUTORY NEGLIGENCE.—Where from the evidence it appeared that a child of eight years, who was left by his father unattended at a railway station, was incapable of apprehending the danger to which he was exposed, and of exercising the prudence necessary to protect himself against the same, a judgment in favor of the father for loss of the child's services during minority will be set aside on account of the father's contributory negligence; while a judgment in favor of the child for the damages received by him will be sustained, as he could not legally be guilty of contributory negligence.

Appeal from Conway Circuit Court.

Geo. M. Chapline, Judge.

Judgment in one case reversed; in the other affirmed.

*Dodge & Johnson,* for appellant.

If the child was old enough to be *sui juris* and capable of taking care of itself, it was guilty of contributory negligence; and it was error for the court to assume that the child was not so capable and use such expressions in regard to him as "a person of tender years" and "of imperfect judgment and discretion." The parent was guilty of contributory negligence.

*C. C. Reid & J. H. Carmichael,* for appellees.

s c—1

The verdict is supported by evidence, and should not be disturbed. 23 Ark. 608; 46 Ark. 524; 50 Ark. 522; 23 Ark. 32; 13 Ark. 474; 13 Ark. 285; 12 Ark. 43; 14 Ark. 530; 25 Ark. 482; 27 Ark. 517; 47 Ark. 196. The child's father was not guilty of contributory negligence. 68 Ark. 1.

BATTLE, J. Robert Colum brought two actions against the St. Louis, Iron Mountain & Southern Railway Company—one for himself, and the other as next friend for William Colum, a minor, who is his son. Both actions were based upon injuries that were caused by a car of the defendant running against and over William Colum. One was on account of the loss of services of the son, during minority, sustained by the father; and the other was for damages to William Colum that were caused by the injuries. By consent of parties these actions were consolidated, and determined upon the same testimony.

Plaintiffs in both actions alleged in their complaints that William Colum was, on the 22d day of December, 1898, about eight years old, and the son of the plaintiff, Robert Colum; that on that day the defendant negligently, without warning or notice, pushed its car against and upon William, and thereby injured him to such an extent and in such manner as to cause the amputation of his left arm and to permanently cripple him. The defendant answered both complaints, and denied every allegation of negligence, and alleged that the father and son were guilty of contributory negligence. In the trial of the issues joined the jury impaneled for that purpose returned a verdict in favor of the father for $1,000, and in favor of the son for $2,500, for which judgments were rendered, and the defendant appealed.

The following are substantially the facts in the case: On the 22d day of December, 1898, Robert Colum drove to the defendant's railroad station at Menifee, in this state, and carried with him his son William, who was at that time about eight years old. While there, a train of defendant arrived, and its locomotive was used in switching cars from one track to another. The father drove away, leaving the son at the station. In a short time thereafter the engine shoved a car against and upon the boy, and seriously injured him. As to the facts connected with the injury, the evidence is conflicting and obscure. A part

of it tended to prove that appellant negligently pushed the car against the boy. But the cause of the injury cannot be explained upon any reasonable theory, except that the fault of the boy concurred with that of the appellant in producing the injury, that is to say, the injury would not have happened without his concurring and co-operating fault. One witness testified that he was attempting to crawl under the car when he was injured. The testimony of his own witnesses, if true, proved that he stepped upon the railroad track in front of one end of the car while the engine was near and approaching the other end, and was too near to allow him time to go across the track, a distance of six feet, or farther than three feet, and there is no evidence to show that the defendant discovered him in time to avoid the injury. But the conduct and tender years of the boy were sufficient to, and it seems did, convince the jury that he was incapable of apprehending the danger to which he was exposed, and of exercising the prudence or foresight necessary to protect himself against the same, and could not legally be guilty of contributory negligence. That being true, the father was guilty of contributory negligence in allowing him to remain at a station, where he was exposed to danger, unattended by anyone responsible for his care and protection. *St. Louis, Iron Mountain & Southern Railway Co. v. Dawson,* 68 Ark. 1.

The two verdicts, according to the facts in this case, are in irreconcilable conflict. The judgment in favor of the father should be set aside, and final judgment upon the merits should be rendered by this court against him in favor of the defendant, and the other judgment should be affirmed; and it is so ordered.