ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. COCHRAN.

Opinion delivered January 6, 1906.

1. INFANT—CONTRIBUTORY NEGLIGENCE.—A child of tender years cannot be guilty of negligence, nor can the contributory negligence of the parent be imputed to it, so as to prevent a recovery in a suit brought by the child to recover damages for injury caused by the negligent act of another. (Page 400.)

2. PARENT—CONTRIBUTORY NEGLIGENCE.—A father may, in a suit brought for his own benefit for the negligent killing of his child of tender years, be chargeable with negligence contributing to the child's injury. (Page 401.)

3. RAILROAD—FAILURE TO KEEP LOOKOUT—CONTRIBUTORY NEGLIGENCE.—In an action by a father for his own benefit for the negligent killing of a child of tender years by a railway train, it was error to instruct the jury that, notwithstanding the contributory negligence of the plaintiff, he could recover if defendant's servants in charge of the train were aware of the presence of the child upon the track, *or by the exercise of ordinary care could have discovered its presence in time to have avoided the injury,* as plaintiff's contributory negligence would be a defense unless defendant's servants actually discovered the child's peril in time to avoid the injury by the use of ordinary care. (Page 401.)

Appeal from Lafayette Circuit Court; CHARLES W. SMITH, Judge; reversed.

Action by W. J. Cochran against the St. Louis Southwestern Railway Company for damages resulting from the death of his son, caused by alleged negligence of the defendant in the operation of its train. The plaintiff recovered judgment, and defendant appealed.

*S. H. West* and *Gaughan & Sifford,* for appellant.

In an action by the father to recover for the death of a child, contributory negligence of the father bars such recovery. 68 Ark. 1 ; 72 Ark. 1. The lookout statute does not make the company liable for injury to trespassers who are guilty of contributory negligence, notwithstanding the failure to keep the lookout. 62 Ark. 235. The last clause of instruction 5 is erroneous in that it makes the defendant liable for not keeping a lookout, regardless of the contributory negligence of the plaintiff. It could not be cured by other instructions given. 65 Ark. 68; 71 Ark. 451.

*H. P. Smead* and *H. S. Powell,* for appellee.

Notwithstanding the prior negligence of plaintiff, if the defendant had discovered the injured party in time to have avoided injuring him by the use of ordinary care, and failed to exercise such care, the defendant is liable. 62 Ark. 170. It was the duty of defendant to use ordinary care to discover persons on the track, and failure to do so was negligence. 62 Ark. 164; act April 8, 1891.

McCULLOCH, J. Appellee, W. J. Cochran, sued appellant, St. Louis Southwestern Railway Company, for damages resulting to him as parent from the death of his child 22 months of age, alleged to have been negligently run over and killed by appellant in the operation of its train.

Appellant answered, denying the allegations of negligence, and alleged that the plaintiff was guilty of negligence in permitting the child to go upon the railroad track unattended. The court, over the objection of the defendant, gave the following, among other, instructions upon request of the plaintiff, viz.:

"2. The jury are instructed that if they believe from the evidence that the plaintiff, the father of the child, was in fault, and that the child, while wrongfully on defendant's track, was killed by defendant's train, but that the defendant's agents were aware, or by the use of ordinary diligence might have been aware, of the fact that the child was on the track in time to avoid injuring him, by reasonable diligence, the failure to use such diligence alone must be considered the proximate cause of the injury.

"5. The jury are instructed that it was the duty of the defendant, through its engineer and fireman, to keep a constant

lookout for persons on the track.   It is not necessary, under the circumstances in proof in this case, that both the engineer and fireman, from their respective positions on the engine, should have kept such lookout; but to meet this requirement it is necessary that either the fireman or engineer keep such constant lookout for persons on its track.   And if you believe from all the facts and circumstances detailed in evidence that such constant lookout was not kept by either the fireman or engineer at the time and place of the injury complained of, and that by reason of such neglect to keep said lookout deceased, John Franklin Cochran, was killed as alleged in plaintiff's complaint, your verdict will be for the plaintiff."

The defendant asked instructions to the effect that if plaintiff was guilty of contributory negligence in permitting the child to go upon the track unattended, he could not recover unless the servants of defendant failed to exercise care to avoid the injury after they discovered the perilous position of the child; but the court modified them by adding language permitting the jury to find for the plaintiff, notwithstanding his contributory negligence, if by use of ordinary care the servants of the plaintiff could have discovered the perilous position of the child in time to have avoided the injury.

A child of tender years cannot be guilty of negligence, nor can the contributory negligence of the parent be imputed to it, so as to prevent a recovery in a suit brought by the child to recover damages for injury caused by the negligent act of another. But the father may, in a suit brought for his own benefit for the negligent killing of his child, be chargeable with negligence contributing to the injury.   *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 68 Ark. 1; *St. Louis, I. M. & S. Ry. Co.* v. *Colum,* 72 Ark. 1.

The court instructed the jury that, notwithstanding the contributory negligence of the plaintiff, he could recover if defendant's servants in charge of the train were aware of the presence of the child upon the track, or by the exercise of ordinary care could have discovered its presence in time to have avoided the injury.   This was erroneous.

It has been repeatedly held by this court that the act of April 8, 1891, known as the "lookout statute," is not applicable in suits for injury to persons upon a railroad track where the

person injured was guilty of contributory negligence. Johnson v. Stewart, 62 Ark. 164; St. Louis S. W. Ry. Co. v. Dingman, 62 Ark. 245; Martin v. L. R. & Ft. S. Ry. Co., 62 Ark. 156; St. Louis, I. M. & S. Ry. Co. v. Leathers, 62 Ark. 235; St. Louis, I. M. & S. Ry. Co. v. Taylor, 64 Ark. 364; St. Louis & S. F. Rd. Co. v. Townsend, 69 Ark. 380.

The statute is applicable to a suit by a child of such tender age as to lack sufficient discretion to be chargeable with negligence (St. Louis, I. M. & S. Ry. Co. v. Denty, 63 Ark. 177); but not to suits brought by parents for their own benefits on account of injury to children of tender years where their own negligence contributed to the injury. St. Louis, I. M. & S. Ry. Co. v. Leathers, supra; St. Louis, I. M. & S. Ry. Co. v. Dawson, supra; St. Louis, I. M. & S. Ry. Co. v. Colum, supra.

"The true rule, which no amount of amplification can simplify, is that whenever the negligence of the plaintiff contributes proximately to cause the injury of which he complains, the defendant is not liable," unless the defendant discovered the peril in time to avoid the injury by the use of ordinary care. Johnson v. Stewart, supra.

For the errors indicated, the judgment is therefore reversed, and the cause remanded for a new trial.