ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*
SPARKS.

Opinion delivered, December 31, 1906.

1.  PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE OF INFANT.—Only that degree of care and prudence may be expected of an infant which a child of his age should exercise.  (Page 190.)

2.  CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.—. Whether an infant under ten years was negligent in attempting to cross a railroad track in front of a freight caboose was properly left to the jury. (Page 190.)

3.  SAME—BURDEN OF PROOF.—An instruction to the effect that contributory negligence was an affirmative defense, and that the burden was on defendants to establish it, was not objectionable as conveying the idea that the defendant must introduce evidence to show contributory negligence, even though it was shown by the plaintiff's evidence.  (Page 190.)

4.  SAME—BURDEN OF PROOF—SATISFACTION OF JURY.—An instruction that contributory negligence must be shown "by a preponderance of the testimony to the satisfaction of the jury" does not require more than a preponderance of the testimony.  (Page 190.)

5.  APPEAL—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction is insufficient to point out merely formal objections on appeal.  (Page 191.)

6.  EVIDENCE—CUSTOM.—Where there was no evidence that plaintiff was endeavoring to jump upon or ride the car which injured him, evidence that he had previously been in the habit of riding cars was inadmissible.  (Page 191.)

7.  NEGLIGENCE—EVIDENCE.—Evidence that a railway track was in a populous town, and that pedestrians frequently used it as a passway, was admissible to show the necessity of increased vigilance in keeping a lookout when cars were pushed or backed along the track at that place.  (Page 191.)

8.  DAMAGES—EXCESSIVENESS.—Where plaintiff, a bright boy of ten, lost his foot through defendant's negligence, and suffered greatly, a verdict in his favor of $10,000 was not excessive.  (Page 191.)

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*B. S. Johnson,* for appellant.

1.  This was an unusually bright boy, ten years of age, who had often walked along the railroad tracks to and from school.  By his own testimony it appears that he frequently had

to get out of the way of cars, knew the risks incident to his walking along the tracks, and that it was necessary to his own safety to look out for approaching cars. Under this state of facts it was negligence on his part to walk along the track toward the cars by which he was injured, and while thus walking to continue looking back in the direction from which he was walking until struck. 49 Ark. 257; 67 Ark. 240. No amount of youthful recklessness can supply the place of proof of negligence on the part of the defendant. 57 Ark. 461.

2. The seventh instruction given for plaintiff was erroneous, because (1) if contributory negligence is disclosed in plaintiff's testimony, there is no burden on the defendant to prove it by a preponderance of evidence (Beach on Contributory Neg. 448) ; (2) because it tells the jury that contributory negligence must be established by a preponderance of the evidence, to the *satisfaction* of the jury, which is equivalent to saying that it must be proved beyond a reasonable doubt, and places a greater burden on defendant than it should bear. 89 S. W. 762; 15 S. W. 575; 40 S. W. 398; 15 S. W. 556; 69 Ark. 537; 52 Ark. 517; 37 Ark. 588; 59 Ark. 426; 130 Ala. 504; 100 Ala. 146; 93 Ala. 425; 169 Ill. 301; 83 Ill. 85; 11 Wyo. 482.

3. When the defendant alleged in its answer, and put in issue as a defense, that the plaintiff received his injuries solely on account of his own contributory negligence in attempting to catch and ride upon the car in passing, and the plaintiff on examination denied having attempted to do so at the time of the injury or at any time previously, it was competent for the defendant to introduce testimony to contradict the plaintiff on this point and to establish the allegation, and the court erred in excluding it.

4. Evidence of the custom of the public in using the track of the railway company was inadmissible, and should have been excluded. 46 Ark. 522; 1 Dill. 579.

*O. A. Graves, O. D. Scott* and *W. H. Arnold,* for appellee.

1. There is no proof whatever that plaintiff, who at the time of injury was barely past nine years of age, was a boy of more than ordinary intelligence.

A child can only be held to such degree of care and caution as may reasonably be expected of one of his age and expe-

rience—never to that degree which is required of one of mature age. Shearman & Redfield on Neg., § 73. And the jury under proper instructions have passed upon the question of the boy's negligence in this case. 68 Mich. 94. But, even if plaintiff had been chargeable with the degree of care required of a mature person, and granting that he saw the cars as he walked along the ends of the cross ties, he must necessarily have seen that they were disconnected from a locomotive, and for a short time, at least, harmless; then if he started to cross the track during this interval, as appears from undisputed evidence, he is not chargeable with negligence. 61 S. W. 58; 104 Fed. 741; 76 Ark. 227; 79 Ark. 137.

2. The only objection raised by defendant to the seventh instruction below was that it failed to tell the jury that the burden did not attach to defendant to show plaintiff's contributory negligence if it was shown by his own testimony, and that objection has been adjudicated against plaintiff's contention. 78 Ark. 251. Appellant can not object here for the first time to the use of the words "to the satisfaction of the jury," in the instruction. It was appellant's duty to point out wherein it was objectionable, and should have asked the court for a proper instruction. 88 Wis. 521; 35 Mo. App. 321; 14 S. E. 593; 53 N. E. 282; 47 Mo. App. 519; 17 So. 445; 8 So. 500; *Ib.* 571; 3 S. E. 418; 140 U. S. 76; 27 Pac. 34; 132 N. Y. 459; 13 S. E. 679; 71 Ark. 317; 73 Ark. 531; *Ib.* 591; 74 Ark. 436; 75 Ark. 325.

3. There was no testimony that the plaintiff attempted to catch and ride on the car at the time of his injury, and evidence of his doing so on other occasions was inadmissible. 76 Ark. 302.

4. From the facts in the case the jury could fairly find that plaintiff was not capable of being guilty of contributory negligence, hence the judgment will be sustained. 72 Ark. 1.

RIDDICK, J. This is an action brought by Willie Sparks, a minor, by his next friend to recover damages for an injury caused by one of the cars of the defendant railway company. At the time of the accident Willie Sparks, a boy between nine and ten years of age, was returning from the place where he attended school to his home. He and a number of other school

children walked along the side of the railway track, and then attempted to cross the track. The employees of the company had left a caboose with three freight cars attached standing on the track near where the boy attempted to cross. Just before the boy attempted to cross the track another car was pushed or kicked against these cars and caboose which were standing on the track, and caused them to back down the track. While thus moving, the caboose struck the plaintiff, Willie Sparks, and the result was that his foot was crushed to such an extent that it was necessary to amputate it.

The jury returned a verdict in favor of plaintiff, and assessed his damages at $10,000. Judgment was rendered against the company for that amount, and it appealed.

It is said that the plaintiff, Willie Sparks, was guilty of contributory negligence, but that question was submitted to the jury under proper instructions, and, considering that plaintiff was at the time of the accident under ten years of age, we think that the circumstances are sufficient to support the finding of the jury. It has been frequently held that a child is not required to exercise the same capacity for self-preservation and the same prudence that an adult should exercise under like circumstances. You can reasonably expect of a boy between nine and ten years of age only that degree of care and prudence that a boy of that age or of his degree of intelligence should exercise. What would be ordinary care for such a boy might be culpable negligence in an adult. *Dowling* v. *Allen,* 88 Mo. 293; *Ridenhour* v. *Kansas City Ry. Co.,* 102 Mo. 283; *Railroad Company* v. *Gladmon,* 15 Wall. (U. S.) 401; *Lynch* v. *Smith,* 104 Mass. 52; 7 Am. & Eng. Enc. Law (2 Ed.), 405.

The evidence tends to show that the defendant company was guilty of negligence in allowing these cars to be pushed or kicked along its track through a populous town without any lookout on them to guard against accidents to persons and property, and we think the question as to whether the plaintiff was guilty of contributory negligence in failing to look up and down the track as he walked upon it was a question for the jury.

An instruction of the court told the jury that contributory negligence was an affirmative defense, and that the burden of

proof was on defendants to establish it "by a preponderance of the testimony to the satisfaction of the jury." Counsel for defendant contends that this instruction was erroneous, for the reason that, while usually the burden is on the defendant to show contributory negligence, yet it is sufficient if shown by the evidence introduced by plaintiff; and further that the use of the word "satisfactory" was improper, and rendered the instruction erroneous and prejudicial. But it is evident, when the whole charge is considered, that the court did not intend by this instruction to convey the idea that the defendant must introduce evidence to show contributory negligence, even though it was shown by the evidence of plaintiff. It is equally plain, we think, that the court did not, by saying that contributory negligence must be "established by a preponderance of the testimony to the satisfaction of the jury," intend to require more than preponderance of the evidence. In fact, the instruction says that such defense must be shown "by a preponderance of testimony." The use of the word *satisfy* or *satisfaction* in such connection has been criticised as inaccurate, and there was no need to use it to express the idea intended. But no special objection was made to this instruction on the grounds mentioned, and it is too late to raise such formal objections on appeal. *Brinkley Car Works & Mfg. Co.* v. *Cooper,* 75 Ark. 325; *Thomas* v. *State,* 74 Ark. 436; *St. Louis, I. M. & Sou. Ry. Co.* v. *Norton,* 71 Ark. 317; *Aetna Ins. Co.* v. *Ward,* 140 U. S. 76; *Wells* v. *Higgins,* 132 N. J. 459.

There was no evidence in this case that the plaintiff attempted to jump upon or ride this car, and the evidence offered by defendant that he had previously been in the habit of riding cars was properly rejected.

It was proper to show that this railway track was in a populous town, and that pedestrians, both young and old, frequently used it as a passway, to show the necessity for increased vigilance in keeping a lookout when cars were to be pushed or backed along the track at that place.

The damages allowed were liberal, but, considering the fact that plaintiff, a young and bright boy, lost his foot, that he suffered greatly, we are not able to say that the damages assessed were excessive.

Finding no error, judgment affirmed.