St. Louis Southwestern Railway Company *v.* Adams.

Opinion delivered February 27, 1911.

1. Railroads—failure to keep lookout—liability.—Kirby's Digest, § 6607, requiring persons running trains to keep a lookout for persons and property on the track, makes a railroad company responsible for damages caused by its failure to keep such lookout to all persons who are not guilty of contributory negligence. (Page 225.)

2. Same—failure to keep lookout—infant.—Where trainmen negligently failed to keep a lookout and injured a child upon the track, the question whether, in view of his age and intelligence, the child was negligent in being on the track was properly submitted to the jury. (Page 225.)

3. Same—instruction—negligence of infant.—An instruction to the effect that a child of eleven years should not be charged with negligence in going on a railroad track, even though he was capable of appreciating the danger therefrom, was erroneous. (Page 225.)

4. Same—instruction—invasion of jury's province.—An instruction to the effect that the plaintiff, in going on defendant's tracks, had a right to fix his attention exclusively on the part of the train from which he most expected danger was improper as invading the jury's province to determine whether plaintiff was negligent in going on the track. (Page 226.)

5. Same—instruction—divided attention.—An instruction that the plaintiff had a right to fix his attention exclusively on the part of the track from which he most expected danger was improper where there was no question of divided attention involved in the case. (Page 226.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. There was nothing to divert appellee's attention, nothing to prevent him from seeing the cars from the time he left the passing track 33 feet away until he was injured. They could not have escaped his attention, and his statement that he looked north but had no time to look south for danger is disproved by the known facts. 22 Ark. 390; *Id.* 555; 19 Ark. 627; 54 Ark. 431; 79 Ark. 608. Appellee was guilty of contributory negligence. There was nothing to excuse a failure to see the car, and the facts do not bring this case within any of the exceptions pointed out by this court in 78 Ark. 55; 57 Ark. 461; 56 Ark. 216, etc.

2. An instruction given by the court which was calculated to lead the jury to believe that appellee was a child of tender years without capacity to appreciate the danger of stepping on the track, etc., was erroneous, without proof to show that the danger was not apparent to him for the want of discretion. 20 Am. & Eng. R. Cas. (N. S.) 38; 82 Ill. 464; 29 N. E. 196; 31 N. W. 180.

3. The sixth instruction was erroneous. 88 Ark. 454, 94 Ark. 524; 15 Am. & Eng. R. Cas. (N. S.) 594; *Id.* 660; *Id.* 705; 20 *Id.* 316; *Id.* 216.

H. A. Parker, for appellee.

McCulloch, C. J. The plaintiff, who is a minor and sues by next friend, instituted this action against defendant railway company to recover damages on account of personal injuries sustained by reason of alleged negligent acts of servants of the railway company. He alleges that he was engaged in driving some calves across the tracks in the railroad yards at Clarendon, Arkansas, and that while he was passing over the tracks he was struck by a loose car which had, by means of a flying switch, been shunted or kicked in on the main line. The car struck him and inflicted bodily injuries for which the jury assessed damages in the sum of $500.

The plaintiff at the time of his injury was about eleven years of age, and, as alleged in his complaint, was driving some calves from one side of the railroad to the other. A local freight train came in, and, after having uncoupled the engine from the main portion of the train, a car loaded with logs was picked up in front of the engine. This was carried beyond the place of the injury, and the engine, with one car attached behind, was backed towards the switch of the side track for the purpose of throwing the log car back on the main line while the engine with the car attached backed in on the side track. The plaintiff, according to his own testimony, was on the outside of the side track when he saw the cars coming. He says that he saw the backing engine with the box car attached coming down on the switch, and that in attempting to get out of the way of that he ran up on the main line and started to cross, but did not see the log car until it struck him. There was a space of about thirty-three feet between the tracks, so the plaintiff must have crossed the side track in front of the backing engine and then traveled the space between the tracks before he reached the point where the log car struck him. There was some evidence adduced to the effect that the plaintiff when injured was trying to climb up on the car.

The evidence tends to show that no lookout was kept, either on the box car or on the car of logs which was kicked in on the main line, and that no signals were given by bell or whistle. · The

question whether signals were given from the engine is unimportant, for the plaintiff himself testified that he saw the box car and engine coming down the track. He was not struck by this car, but was struck by the log car over on the main track. It was error for the court to give instructions as to signals from the engine; but, according to the undisputed testimony, the servants of the defendant were guilty of negligence in kicking the log car on to the main track without keeping a lookout to prevent injury being done by that car.

. The plaintiff was on the track at a place where he had no right to be; but, notwithstanding that fact, if by reason of his age and lack of intelligence he was not guilty of negligence, the defendant is liable for the damages resulting from the negligence of its servants in failing to keep a lookout. The lookout statute (Kirby's Dig., § 6607) applies so as to make a railroad company responsible for damages to persons except in case of contributory negligence. *St. Louis, I. M. & S. Ry. Co. v. Leathers,* 62 Ark. 235; *St. Louis S. W. Ry. Co. v. Dingman,* 62 Ark. 245; *St. Louis, I. M. & S. Ry. Co. v. Denty,* 63 Ark. 177; *St. Louis, I. M. & S. Ry. Co. v. Taylor,* 64 Ark. 364; *St. Louis, I. M. & S. Ry. Co. v. Jordan,* 65 Ark. 429; *St. Louis S. W. Ry. Co. v. Cochran,* 77 Ark. 398.

It was a question for the jury to determine, under all the circumstances—considering the plaintiff's age and the peculiar circumstances under which he was situated with reference to the approach of the engine and the box car on the side track—whether or not he was guilty of negligence in going on the track and in failing to discover the approach of the log car. *St. Louis, I. M. & S. Ry. Co. v. Sparks,* 81 Ark. 187. This would be true whether he went on the track at a crossing, where he had a right to go, or at some other place. Though a child has no right to go upon a railroad track, any more than an adult, yet if he does not possess the same capacity for self-preservation, he is not held to the same degree of prudence that an adult should exercise under the same circumstances; and this must be considered in determining whether or not a child in going on a railroad track is guilty of negligence, for a child without sufficient capacity to discern the danger would not be guilty of negligence, even though he was without right.

The court over defendant's objection gave the following instruction: "6. The court instructs the jury that if they find from the testimony in this case that the plaintiff was a child of tender age, and was at the time of the injury, or a few minutes prior thereto, trying to drive some calves from the track of the defendant company, and that, while endeavoring to do so, some box cars with the engine backed down on the switch by or near to a seed house on said track, if you find there was a seed house there, and, as it appeared to the plaintiff at that time, that, in order to protect himself from said moving cars and engine, he tried to cross the main track, at which time he was caught and injured by a log car, which said log car was at the time detached from the main train, and was being kicked up the main track or forced up the main track by virtue of a 'drop switch' or flying switch, then the plaintiff had a right to watch whichever train or part of train he at the moment thought most dangerous to him, and therefore a momentary relaxation of vigilance in one direction would be excusable, while he gave attention to the direction from which he might reasonably have expected the greatest danger."

This instruction, we conclude, was erroneous and prejudicial. In the first place, it was too vague in stating what a child of tender age had a right to do under the circumstances described, without reference to his age or degree of intelligence. According to the testimony in the case, plaintiff's age and degree of intelligence was such as to have warranted the jury in finding that he was culpably negligent in going on the railroad track. The jury might, however, have understood from this instruction that if he was only eleven years of age he should not be charged with negligence, even though he was capable of appreciating the danger of going on the track.

In the next place, the instruction was erroneous in stating as a matter of law that the plaintiff had the right to fix his attention exclusively on the part of the train from which he most expected danger, and relax his vigilance as to the other part of the train. This invaded the province of the jury and took away the duty of the jury to determine as a question of fact whether or not plaintiff was guilty of negligence in going on the track. Moreover, there was no question involved in the case as to the

concentration upon expected danger in one direction, so as to justify a relaxation of vigilance in another direction. The plaintiff was not in a position to expect danger from two directions at the same time, for the tracks were thirty-three feet apart; and when he passed the danger point of one track, he should have confined his attention to the danger from the next track upon which he was about to enter. There was no question of divided attention presented at all, and the only thing which should have been submitted to the jury was whether the plaintiff, considering his age, capacity, etc., was guilty of negligence in attempting to cross the track in front of the approaching log car.

The instruction quoted above could only have served to mislead the jury and divert them from the real issue in the case. For this error the judgment is reversed, and the cause remanded for new trial.