# CASES DETERMINED

# SUPREME COURT OF ARKANSAS

KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* TEATER.

## Opinion delivered May 1, 1916.

CARRIERS—INJURY TO MINOR PASSENGER—PASSING ON PLATFORM—NEGLI-
GENCE.—Plaintiff, a minor passenger, was injured while passing
from one car to another. *Held*, it was a question for the jury,
whether, under the circumstances, the minor was guilty of such
negligence as would bar a recovery.

Appeal from Polk Circuit Court; *Jefferson T.
Cowling,* Judge; affirmed.

*James B. McDonough,* for appellant.

1. A verdict should have been directed for de-
fendant. The finding of the jury is in the very teeth of
the physical facts. It was impossible for plaintiff's foot
to have been caught between the bumpers. The evidence
shows that he was sitting on the step with his leg hanging
down and his foot caught in a cattle guard. All the evi-
dence must be considered together. 96 Ark. 500; 114 *Id.*
112. No negligence on the part of the company is shown.
221 Fed. 907; 84 Ark. 555; 108 *Id.* 578. The credibility
of a witness is an issue of fact for the jury, but the suf-
ficiency of the evidence is a question of law for the court.
107 Ark. 158.

2. There was error in giving and in refusing in-
structions. Instructions should submit to the jury the
issues in the case. 76 Ark. 333; 63 *Id.* 177; 70 *Id.* 441.
The evidence does not show that the injury was caused

"by the running of the train." 121 Ark. 295. The emphasizing of instructions is error. 43 Ark. 184; 59 *Id.* 143. It is not negligence to fail to furnish a seat to a passenger when cars are crowded. If there was even standing room inside the car it was plaintiff's duty to remain inside, if he went outside without reasonable cause and was injured he can not recover. 96 Ark. 206; 87 *Id.* 243; 95 *Id.* 108; 99 *Id.* 415; 96 N. E. 665; 113 N. Y. S. 636. Plaintiff was duly warned of the danger of riding outside, and was injured—he can not recover. 76 Ark. 69; 71 *Id.* 55; Elliott of Railroads, § § 1154, 1162, 1069, 1628n; Hutchinson on Carriers, § § 898, 959. It was error to refuse defendant's instructions.

*Chas. A. Zweng* and *Elmer J. Lundy,* for appellee.

1. Review the instructions given and refused and contend that there is no error. 121 Ark. 295; 181 S. W. 135; 224 Fed. 896; 224 *Id.* 908.

2. This case is governed by 93 Ark. 240; 102 *Id.* 532; 107 *Id.* 158; 224 Fed. 896. The instructions correctly state the law and the evidence sustained the verdict.

McCulloch, C. J. The plaintiff, Jewel Teater, is a boy about fourteen years of age and instituted this action by his next friend against the Kansas City Southern Railroad Company to recover compensation for personal injuries alleged to have been sustained by reason of negligence of the company's servant while he was a passenger on one of its trains. The plaintiff was a little over thirteen years of age when the injury occurred and he was a passenger on an excursion train going from Mena to Cove, in Polk County, Arkansas.

The plaintiff alleged in his complaint, and undertook to prove, that the train was overcrowded and that he could not obtain a seat in the coach to which he was assigned, and was told to go to another coach, and while passing over the platform between the two coaches his foot was caught between the two bumpers of the coupling and his leg was broken. The particular charge of negligence upon which the case was tried is that "the de-

fendant was negligent in that it did not have protection over said couplings or bumpers to prevent an open space between said cars when being operated." The plaintiff testified that when he boarded the train and went into the coach there was no unoccupied seat and that he started to go into another car where some of his companions had gone; that when he got across the platform to the door of the other coach he met the other boys, who told him that there was no place for them in the coach, and that he turned to go back into the car from which he had come, and that as he started across the platform his foot was caught between the bumpers. Another witness testified that there was sufficient space between the couplings on the two connecting coaches for the boy's foot or leg to drop through. The evidence showed that there was a double compound fracture of the bones in the leg.

The defendant denied the charge of negligence and alleged, on the contrary, that the plaintiff was injured by reason of his own negligence in getting down on the lower step of the coach and hanging his feet down so that one of them caught in a cattle guard over which the train was passing and caused a fracture of his leg. The evidence adduced by the defendant tends very strongly to establish the fact that it was impossible for the plaintiff to have been injured in the manner which he described, and that he was injured, in fact, by getting down on the lower step of the car and letting his feet drag so that one of them struck the cattle guard. Defendant's testimony tends to establish the fact that there was no exposed opening between the ends of the two bumpers, but that the connection was covered with an iron plate so that it would be impossible for there to exist an exposed opening. It appears to us that the testimony preponderates considerably in defendant's favor, yet it can not be said that there was no evidence to support the plaintiff's contention. It was legally sufficient to warrant a submission of the issue to the jury.

The court submitted the case to the jury on instruc-

tions on its own motion, stating the law generally on the subject of negligence and contributory negligence, and also gave three instructions requested by plaintiff and the following two instructions requested by the defendant:

"IV. If the plaintiff got down on the steps of the coach, and there swung his legs out in a position where they were likely to be hit by a cattle guard, and if he was in that manner hit by a cattle guard, and injured, he can not recover."

"V. The defendant is not required to use force to keep a passenger like the plaintiff in the coach or in his seat. If the train men repeatedly warned the plaintiff to remain inside, and if the plaintiff wantonly disregarded that warning, and was thereby injured, either by the bumpers or the cattle guard, then he can not recover."

There were objections to each of the instructions given by the court of its own motion and on request of the plaintiff, but we do not think there was any error committed by giving either of those instructions, nor that the assignments are of sufficient importance to call for a discussion.

There were five of defendant's requests for instructions refused, and error in each of the rulings is assigned. Instruction No. II, which was refused, reads as follows:

"The defendant is not required to furnish a seat to each passenger regardless of the circumstances. It is not negligence, necessarily, for it to fail to furnish a seat to each passenger and if the jury find that there were insufficient seats for all the passengers, that would not authorize or justify the plaintiff remaining in a place about the coaches known to be dangerous. Even if there were insufficient seats for all the passengers, such fact would not authorize or justify the plaintiff seeking and remaining in the most dangerous place about the coaches or coach if he did so. If there was standing room in the inside of the coach, it was plaintiff's duty to remain inside rather than stand on the outside of the coaches. If the plaintiff could have remained inside in safety, and failed to do so, and if he went outside, when he could have

remained inside, and that without reasonable cause, he can not recover.''

This and other refused instructions were erroneous in that they ignored the age and inexperience of the plaintiff and created an arbitrary standard of care which was not applicable to a child thirteen years of age. The instruction told the jury that if the plaintiff ''could have remained inside in safety, and failed to do so, and if he went outside, when he could have remained inside, and that without reasonable cause, he can not recover.'' That may have been a correct test of negligence as applied to an adult, but it was not proper to apply to an infant, for it was a question for the jury to determine whether or not the boy was, under the circumstances, guilty of negligence in attempting to pass and repass over the platform while the train was in motion.

There are decisions of this court which hold that it is not negligence *per se* under all circumstances for even an adult passenger to temporarily occupy the platform of a train. *Pasley* v. *St. Louis, I. M. & S. Ry. Co.*, 83 Ark. 22; *St. Louis, I. M. & S. Ry. Co.* v. *Hartung*, 95 Ark. 220. But even in cases where the circumstances are such that an adult would be said as a matter of law to have been guilty of negligence it makes a question for the jury in the case of an infant.

In *Garrison* v. *St. Louis, I. M. & S. Ry. Co.*, 92 Ark. 437, we said: ''The standard for judging the conduct of a minor is not the care and prudence that would be exercised by an adult, but only that of one of his age, intelligence and discretion; and it can not be said as a matter of law that a minor is guilty of contributory negligence under circumstances that would declare an adult to be guilty of such negligence.'' In *St. Louis, I. M. & S. Ry. Co.* v. *Sparks*, 81 Ark. 187, it was said that ''a child is not required to exercise the same capacity for self-preservation and the same prudence that an adult should exercise under like circumstances.

The other refused instructions are open to the same objection and the court properly refused to give them.

If defendant had asked a correct instruction submitting to the jury the question whether, under the circumstances, and considering the age and intelligence of the plaintiff, he was guilty of negligence, it ought to have been given; but no such instructions were asked, and inasmuch as those that were asked are found to be incorrect statements of the law as applicable to this particular case, there was no error in refusing to give them.

There are several assignments of error with respect to improper argument of counsel for the plaintiff, but we are of the opinion that there was no prejudicial error in that regard.

Judgment affirmed.