HARRELSON *v.* WHITEHEAD.

5-2932                                                 365 S. W. 2d 868

Opinion delivered March 25, 1963.

*Mehaffy, Smith & Williams,* By *William H. Sutton,* for appellant.

*Cockrill, Laser, McGehee & Sharp,* for appellee.

PAUL WARD, Associate Justice. While Wayne Harrelson, age 15, was riding a motorcycle on Wright Avenue in Little Rock he collided with the automobile driven by appellee, Nathan A. Whitehead. The collision occurred about 7:30 p.m. Suit filed by Wayne's father, in his own right and next friend of Wayne, resulted in a jury verdict in favor of the defendant, Nathan A. Whitehead.

On appeal, appellant relies only on alleged errors in the instructions. It is contended by appellant that the court erred in refusing to tell the jury (in effect) that: (a) Wayne (being a minor) should not be held to the same standard of care for his own safety as if he had been an adult; and (b) appellee owed Wayne a higher degree of care than he would have owed him had Wayne been an adult. There was a third assignment of error but, in view of the disposition hereafter made of the other two, there is no need to discuss it.

(a) Because appellee charged Wayne with contributory negligence appellant requested the court to instruct the jury that he should "not be held to the same standard of care for his own safety as a person of adult age . . . " Appellant cites the following decisions to substantiate this request: *St. Louis, Iron Mountain & Southern Railway Company* v. *Sparks,* 81 Ark. 187, 99 S. W. 73; *Garrison* v. *St. Louis, Iron Mountain & Southern Railway Company,* 92 Ark. 437, 123 S. W. 657; *St. Louis Southwestern Railway Company* v. *Adams,* 98 Ark. 222, 135 S. W. 814; *Nashville Lumber Company* v. *Busbee,* 100 Ark. 76, 139 S. W. 301; and, *Kansas City Southern Railway Company* v. *Teater,* 124 Ark. 1, 186 S. W. 294. In the *Sparks* case *supra,* we said:

"It has been frequently held that a child is not required to exercise the same capacity of self-preservation and the same prudence that an adult should exercise under like circumstances."

It is our opinion, however, that the above decisions are not in point, because none of them involve a minor who was riding a motorcycle or driving a vehicle on the public highway. In fact, it appears that the exact issue here raised is one of first impression in this state and that it has seldom been raised in other jurisdictions. There is a statement in 77 A.L.R., 930 relative to the care imposed by law on a minor in a case of this kind, which reads:

"It is believed that in many cases, especially those involving negligence or contributory negligence in the operation of motor vehicles, the point goes by default, all concerned acting under the assumption that an adult standard applies."

We agree with the above mentioned assumption as being both sound and reasonable. A casual review of our statutes pertaining to safety on the highways discloses that no distinction, expressed or implied, is made between the degree of care to be exercised by a minor and an adult. Note the following sections in Ark. Stats.: § 75-302 defines a "vehicle" as any device not moved by human power; defines a "motor vehicle" as a vehicle self-propelled; § 75-303 defines a "person" as every natural person . . . ; § 75-601 says no "person" shall drive a "vehicle" on a highway at a speed greater than is reasonable and prudent . . . ; §§ 75-604 and 75-605 say no "person" shall drive in such and such a manner; and, §§ 75-609 and 75-610 refer to what a "driver" of a vehicle shall or shall not do. In none of these statutes is any distinction made between a minor and an adult.

As regards safety to the traveling public we see no valid distinction between a vehicle driven by a minor and one driven by an inexperienced or reckless adult. As to the duty imposed on the latter, this Court, in *Hughey* v. *Lennox,* 142 Ark. 593, 219 S. W. 323, had this to say:

"An unskilled or inexperienced driver is not to be excused from liability for injuries inflicted because of his inexperience and unskillfulness. On the contrary, he should not frequent places where injury is liable to result from inexperience or unskillfulness in handling a car.

When a person operates an automobile along a public highway frequented by other travelers, he assumes the responsibility for injuries resulting from his own unskillfulness in the operation of the car.''

Courts of other jurisdictions which have considered the issue here presented have consistently held minors to the same degree of care as adults in driving on the highways. In *Wilson* v. *Shumate,* (Mo. 1956) 296 S. W. 2d 72, the Court in construing a statute essentially like § 75-601 mentioned previously, held ''reversibly erroneous'' the following instruction:

'' 'You are further instructed that in considering whether or not plaintiff is guilty of contributory negligence, as defined in other instructions, you should take into consideration plaintiff's age, her intelligence and discretion, and, if you find from the evidence that plaintiff did not possess the intelligence and discretion of an adult at the time of her injuries, then the jury may consider these facts in determining whether or not plaintiff was guilty of contributory negligence on the occasion in question.' ''

After quoting the statute, the Court said:

''Plaintiff (a minor) in this case was the operator of a motor vehicle and the standard under which she was to operate that vehicle was fixed by law. Consequently, her 'age, her intelligence and discretion' and whether she did or did not 'possess the intelligence and discretion of an adult' were not proper matters for the jury to consider . . . ''

To the same effect is the holding in *Dellwo* v. *Pearson,* (Minn. 1961) 107 N. W. 2d 859, where we find this significant language:

'' 'To give legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results of accidents, and the fact that immature individuals are no less prone to accidents than adults.' ''

See also: *Betzold* v. *Erickson*, 35 Ill. App. 2d 203, 182 N. E. 2d 342 (Ill. 1962) and *Elliot* v. *Jensen*, 9 Cal. 642, 187 Cal. App. 2d 389.

(b). Appellant next contends the court erred in refusing to tell the jury, in effect, that appellee owed Wayne (because he was a minor) a greater degree of care than he would have owed him had he been an adult. This contention is refuted, we think, by the conclusion we have already reached. If Wayne were obligated to exercise the same degree of care (for his own safety) as an adult, then there is no logical reason to impose on appellee a higher degree of care merely because Wayne happened to be a minor.

Moreover, from the record it is clear that appellee did not and could not have known a minor was riding the motorcycle. The law very wisely does not require appellee to guard against a hazard of which he was not aware and could not have been aware of by the exercise of due care. See: *Smith* v. *Wittman*, 227 Ark. 502, 300 S. W. 2d 600.

Affirmed.