Barbara BLYTHE individually and Barbara Blythe
as mother and next friend of Robert Blythe
a minor *v.* William C. BYRD, Sr. and
William C. Byrd, Jr.

5-5620                                    472 S.W. 2d 717

Opinion delivered November 8, 1971

*Branscum, Schmidt & Mazzanti,* for appellant.

*Bailey, Trimble, Holt & Thomas,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant Barbara Blythe suffered an adverse judgment in her suit to recover for herself and her eight-year-old son, Robert Blythe, for injuries alleged to have been caused when the child was struck by a pickup truck driven by appellee William C. Byrd, Jr., but owned by William C. Byrd, Sr. As one point for reversal, she asserts that the trial court's refusal to give AMI 501 defining proximate cause, as requested by her, was reversible error. She submitted her proposal that the second paragraph of the instruction be included. The court refused to do this, but modified the instruction requested by deleting that paragraph, which is applicable when there is evidence from which the jury might find that an injury may have been produced by two or more concurrent causes. We find reversible error on this point.

Appellant alleged that Robert Blythe, then eight years of age, was injured while crossing a street when struck by the pickup truck. She attributed the injury to

negligence of the younger Byrd. She also alleged that the negligence of the son, a minor under the age of 16 years, was imputed to the father. Appellees pleaded that Robert Blythe's own negligence was the sole proximate cause of his injuries and damages. They also alleged that appellant was negligent in allowing her son to cross this street alone without being advised by her as to the proper means and place of crossing.

There was evidence that Robert Blythe ran or walked rapidly from a point in the middle of a block into the path of the oncoming Byrd vehicle, when it was moving at a speed of 30 to 35 miles per hour about three car lengths away in a zone where speed was limited to 30 miles per hour, and when Byrd was approaching a zone where speed was limited to 20 miles per hour when children were present. Evidence conflicted on the question whether the truck struck the child or the child walked into the side of the truck. The mother admitted that she had taken her son across the street at this point and that she did not feel that it was more dangerous to cross the street at this point than at any other. It was also admitted that the elder Byrd had previously permitted his son to drive the truck without an adult in the vehicle.

The court gave, among others: AMI 304, relating to the standard of care to which Robert Blythe was to be held; AMI 601, setting out Ark. Stat. Ann. § 75-628(a) (Repl. 1957) as to duties of a pedestrian in crossing a roadway and the correlative duty of a driver of a vehicle; AMI 605 on the duty of one who should know that a child may be affected by his act; AMI 901 on rules of the road relating to lookout, control and speed; AMI 909 on the duty of drivers and pedestrians to anticipate the presence of each other; and AMI 2109 modified to permit comparison of the negligence of Mrs. Blythe and Byrd, Jr. Thus the court recognized by one instruction or another that there were jury issues as to negligence of Barbara Blythe, the negligence of Robert Blythe and the negligence of William Byrd, Jr. Since the trial judge gave no reason for modifying the proximate cause instruction, and did not permit comparison of negligence of Robert Blythe and William Byrd, Jr., we can only come to the

conclusion that he found that, under the evidence, negligence of Barbara Blythe and the younger Byrd both could have been concurring proximate causes of Robert Blythe's injury. Conceding for the moment that there was no question whether Robert Blythe was guilty of negligence which was a proximate cause of his injuries, the second paragraph of AMI 501 should have been given on the basis of possible concurrent proximate causes, if the court's evaluation of the other evidence as to possible proximate causes was correct.

There was even stronger evidence tending to establish negligence on the part of the Blythe boy, however, and the court was justified in giving the instructions pertaining to his duty as a pedestrian and the standard of care required of him. We do not agree with appellant's argument on appeal that young Blythe's negligence could not be a contributing proximate cause because of his tender years. We cannot say that this eight-year-old boy was of such tender age that he was wholly incapable of negligence, as a matter of law, as are much younger children. See such cases as *Sherman* v. *Mountaire Poultry Co.*, 243 Ark. 301, 419 S. W. 2d 619; *St. Louis S. W. Ry. Co.* v. *Cochran*, 77 Ark. 398, 91 S. W. 747; *Miles* v. *St. Louis, I. M. & S. Ry. Co.*, 90 Ark. 485, 119 S. W. 837; *Wadsworth* v. *Gathright*, 231 Ark. 254, 330 S. W. 2d 94; *Sanders* v. *Baird*, 195 Ark. 535, 112 S. W. 2d 966. The court correctly declared the appropriate test in the case of this eight-year-old boy by giving AMI 304. *Nashville Lumber Company* v. *Busbee*, 100 Ark. 76, 139 S. W. 301, 38 L. R. A. (n. s.) 754; *Williams* v. *Gilbert*, 239 Ark. 935, 395 S. W. 2d 333; *St. Louis, I. M. & S. Ry. Co.* v. *Sparks*, 81 Ark. 187, 99 S. W. 73; *Gates* v. *Plummer*, 173 Ark. 27, 291 S. W. 816; *Garrison* v. *St. Louis, I. M. & S. Ry. Co.*, 92 Ark. 437, 123 S. W. 657; *St. Louis S. W. Ry. Co.* v. *Adams*, 98 Ark. 222, 135 S. W. 814; *Kansas City Southern Ry. Co.* v. *Teater*, 124 Ark. 1, 186 S. W. 294. Since the jury might have found that Robert Blythe was guilty of negligence which was a proximate cause of his injury, the court erred in modifying appellant's offered instruction.

We find that most of appellant's remaining points

for reversal will not likely arise on a new trial. We will consider only those which appear likely to arise. Appellant objected to the giving of AMI 601, setting out Ark. Stat. Ann. § 75-628 as to the correlative duties of pedestrian and driver when the former is crossing a roadway at a point other than a marked crosswalk or intersection. The general objection is not well taken, because the instruction, being a correct statement of the law, is not inherently erroneous. The weight to be given the evidence of violation of this statute by young Blythe was to be determined in the light of the standards set out in AMI 304. Appellant's specific objection was that there was no evidence of any such *ordinance*. The instruction did not relate to any ordinance, and no evidence of an Arkansas statute is required. *Howell* v. *Howell*, 213 Ark. 298, 208 S. W. 2d 22; *Bevens* v. *Baxter*, 23 Ark. 387.

Appellant did not object to the giving of AMI 602, which she now says was error. Still, we see no reason why it should not have been given.

Appellant made only a general objection to AMI 603, which would not encompass her present argument that the court should have used the word "injury" or the word "accident" rather than "collision." She argues that the word used by the court tends to suggest that the boy collided with the truck, as distinguished from the truck's colliding with the boy. We cannot say that the word choice was incorrect in the light of the common meaning of the word in ordinary current usage. See Webster's New International Dictionary, Third Edition.

AMI 614 on sudden emergency was properly given on the evidence in this case.

Appellant complains that the court modified AMI 2109 to permit the jury to compare the negligence of Mrs. Blythe with that of William Byrd, Jr., in considering her individual cause of action. She made only a general objection at the trial. The instruction is not inherently erroneous, so the trial judge really had no opportunity to pass upon the argument made here—

that there was no evidence of negligence on the part of Mrs. Blythe. If there was, the instruction was correct. If not, it was erroneous. We consider the question because on retrial it will likely arise. Appellees contend that Mrs. Blythe knew that the child crossed the street at the place he did. It is admitted that she had taken him across the street at this point and that at some times the traffic is heavy there. As stated above, she testified that it was no more dangerous to cross the street at this point than any other. The comparative danger was certainly a question of fact for jury determination.

In considering whether there was sufficient evidence of Mrs. Blythe's negligence to present a jury question, we must view the evidence in the light most favorable to appellees, drawing all possible inferences therefrom to support the court's action. In reviewing the record, appellant's failure to move for a directed verdict on this point or to raise it in any manner is not without significance. It cannot be doubted that in an action for a parent's own benefit, he is chargeable with negligence contributing to his child's injury in an action. *St. Louis S. W. Ry. Co.* v. *Cochran,* 77 Ark. 398, 91 S. W. 747. Permitting his child to go upon a railroad track unattended constitutes such negligence. *St. Louis S. W. Ry. Co.* v. *Cochran,* supra. Allowing his eight-year-old child to remain unattended at a railroad station where cars were being switched on nearby tracks was also held to be contributory negligence on the part of a father. *St. Louis, I. M. & S. Ry. Co.* v. *Colum,* 72 Ark. 1, 77 S. W. 596. We held that there was a jury question as to the parent's negligence when the father allowed his unattended six-year-old child to go visiting without having especially cautioned her to avoid trains, when he knew that she would have to pass railway tracks when a train was overdue. *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 68 Ark. 1, 56 S. W. 46. Other circumstances where the evidence has been held sufficient to present a jury question as to the parent's negligence include:

> A father's leaving his 18-month-old child, the mother and two other children, three to seven years of age, at his home, which was unenclosed and 100

feet from a railroad track, after which the mother left the children to visit a neighbor. *St. Louis, I. M. & S. Ry. Co.* v. *Freeman,* 36 Ark. 41;

A father's consenting to the employment of his teen-age son in violation of a statute. *Ashcraft* v. *Jerome Hardwood Lumber Co.,* 173 Ark. 135, 292 S. W. 386;

Parent's permitting a 10-year-old boy to ride a truck when he was seated on a tire and wheel which was up against the cab on the truck bed. *Missouri Pacific R. Co.* v. *Frye,* 214 Ark. 92, 214 S. W. 2d 495.

Perhaps our closest parallel to this case is *Self* v. *Kirkpatrick,* 194 Ark. 1014, 110 S. W. 2d 13, where we held that the evidence was sufficient to justify submission of the question of the father's contributory negligence. The child in that case was four years old and the youngest of seven children. He was killed when struck by an automobile as he was crossing Highway 82 near Magnolia. The family lived in a house near the highway. The child was at a nearby filling station with other children when he started crossing. The father had built a fence to keep his children in the yard. but did not put a lock on the gate, and the older children could open it. He frequently sent his older children to a store across the highway, but never allowed his younger ones to go.

In view of these previous holdings, there was sufficient evidence to justify submitting the question of Mrs. Blythe's negligence to a jury and giving the instruction.

The judgment is reversed and the cause remanded for a new trial.

BYRD, J., dissents.