Linda Clay TOWNES, Special Administrator of the Estate of Jocelin Handy, Appellant,

v.

HAWAII PROPERTIES, INC., d/b/a Brentwood Apartments and John Does, Appellees.

No. 83–1104.

United States Court of Appeals, Eighth Circuit.

Submitted May 26, 1983.

Decided May 31, 1983.

---

Robert R. Cloar, Fort Smith, Ark., for appellant.

Laser, Sharp, Haley, Young & Huckabay, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Linda Clay Townes, Special Administrator of the Estate of Jocelin Handy, her minor daughter, appeals from a final judgment entered in the District Court [1] for the Eastern District of Arkansas following a bench trial in favor of Hawaii Properties, Inc., on her wrongful death action. For reversal appellant argues the district court erred in (1) finding that Jocelin was a trespasser at the time of the accident and (2) finding that Hawaii Properties had not maintained an attractive nuisance that was the proximate cause of Jocelin's death. For the reasons discussed below, we affirm the judgment of the district court.

Jocelin Handy accidentally drowned at approximately 10:00 p.m. on July 4, 1978, in a swimming pool located on the premises of the Brentwood Apartments which were owned by Hawaii Properties. At the time of her death Jocelin was eight years old. She was a resident of Chicago, Illinois, but was staying during the summer in Little Rock, Arkansas, with her aunt, Mrs. Alberta Gill Crawford, and her two cousins, Nattalie Kaye Fuller, age eleven, and Leslie Fuller, age thirteen. The Brentwood Apartments were located across the street from the apartment complex where they lived.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

On the evening of July 4, 1978, between 8:00 and 9:00 p.m., Mrs. Crawford gave Leslie and Nattalie permission to attend a swim party at the Brentwood pool and allowed Jocelin to go along unaccompanied by an adult. The aunt and cousins knew that Jocelin, who was dressed in summer clothes and tennis shoes, did not know how to swim. It was dark when they arrived. Leslie Fuller testified that at one point in time she saw Jocelin playing with other children by the edge of the pool. Other swimmers testified that they saw Jocelin walking and dog-paddling in the shallow end of the pool. The last time Leslie Fuller saw Jocelin she was sitting on the ladder steps at the deep end of the pool with her feet in the water. As the cousins prepared to return home, they realized that Jocelin was missing although her shoes were still by the side of the pool. Shortly thereafter Jocelin's body was discovered at the bottom of the deep end of the pool.

The rules posted at the pool stated that the pool was open to residents and their guests only, that children under twelve years of age must be accompanied by an adult, and that the pool closed at 10:00 p.m. Mrs. Crawford testified that she walked by the swimming pool almost daily on her way to the grocery store, that she had watched her son and daughters swim there, that she was familiar with the pool and the surrounding area, and that she was aware that there never was a lifeguard on duty.

The pool was subject to regulations promulgated by the State Health Department that required owners of semi-public pools to provide a buoy line to divide the shallow from the deep water, a shepherd's hook, life jackets, markings to indicate the depth of the pool, clear water, and bright lighting. The regulations, however, did not require the presence of a lifeguard. At the time of the drowning the water was not cloudy. The pool light had been shut off by an automatic timer; at least one overhead light was off. Certain safety equipment—buoy line, shepherd's hook, and life jackets—was not present.

Appellant argues that the district court erroneously found that Jocelin was a trespasser at the time of the accident. Appellant also alleges that the district court erred in not finding that the pool was an attractive nuisance by virtue of the manner in which Hawaii Properties maintained and operated the pool, and, as such, it was the proximate cause of decedent's death.

The district court did not expressly make a finding as to Jocelin's status, but found that her cousins had been invited by a resident to use the pool on the evening of July 4th and the cousins took Jocelin along. The district court noted that there was no testimony that Jocelin had been invited to use the pool. The district court's ultimate finding that Hawaii Properties was not liable for Jocelin's death was based on a finding that the manner in which Hawaii Properties maintained and operated the pool was not the proximate cause of death. Instead the district court found that Jocelin's own negligence was the proximate cause of her death and that her negligence exceeded that of Hawaii Properties.

Under Arkansas law, an eight-year-old is not of such tender years as to be wholly incapable of contributory negligence as a matter of law. *Blythe v. Byrd,* 251 Ark. 363, 472 S.W.2d 717, 719 (1971). The Arkansas Supreme Court held that children eight years of age are charged with the knowledge that bodies of water are dangerous, and that the doctrine of attractive nuisance is not applicable to artificial or natural bodies of water unless unusual elements of danger exist, such as a trap or hidden hazard, that an immature mind would be unlikely to appreciate. *Carmichael v. Little Rock Housing Authority,* 227 Ark. 470, 299 S.W.2d 198, 200 (1957).

We have carefully examined the record and the arguments advanced in the appellant's brief. We conclude that the judgment of the district court is based on findings of fact that are not clearly erroneous and that no error of law appears. We affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.

Accordingly, the judgment of the district court is affirmed.